UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL TRACEY BROWNING, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-2232 |
| | § | |
| TURNER INDUSTRIES GROUP, LLC, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are: (1) a motion to remand filed by the plaintiff, Michael Tracey Browning ("Browning"); (2) Defendant Turner Industries Group, LLC's ("Turner") motion for leave to file a sur-reply to the motion to remand; and (3) Turner's motion for leave to file a second amended notice of removal. All three motions (Dkt. 9; Dkt. 12; Dkt. 13) are **DENIED**. Defendant TPC Group, Inc. ("TPC Inc.") is **DISMISSED WITHOUT PREJUDICE**.

### FACTUAL AND PROCEDURAL BACKGROUND

Browning is employed as an instrument technician by TPC Group, LLC ("TPC LLC"), which is owned by TPC Inc., and he works at a manufacturing facility near the Houston Ship Channel that is owned by TPC LLC. (Dkt. 1-3 at pp. 3–5). According to his live pleading, Browning was severely injured on the job when a Polaris Ranger utility task vehicle backed over him, "crushing him and dragging him approximately fifteen feet." (Dkt. 1-3 at pp. 6–7). The driver of the vehicle was employed by Turner, which had been

hired by TPC LLC to move a piece of heavy equipment to TPC LLC's facility so that Browning could repair it. (Dkt. 1-3 at p. 6).

Browning sued Turner, which is based in Louisiana, and TPC Inc., which is based in Texas, in Texas state court, asserting claims for negligence and gross negligence. (Dkt. 1-3 at pp. 2, 7). Browning did not sue TPC LLC. (Dkt. 1-3 at p. 2). Turner removed the case to this Court under the diversity jurisdiction statute, 28 U.S.C. § 1332, and contends that TPC Inc. was improperly joined. (Dkt. 1).

## LEGAL STANDARD

Generally, a defendant may remove to federal court any state court civil action over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction—commonly referred to as "diversity jurisdiction"—over civil actions in which: (1) all persons on one side of the controversy are citizens of different states than all persons on the other side; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332; *see also McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). The removing party bears the burden of establishing by a preponderance of the evidence that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## ANALYSIS

The Court now turns to the question of whether Turner has established that the federal courts have diversity jurisdiction over this lawsuit.

*—Amount in controversy*

Browning does not deny that the diversity jurisdiction statute's amount-in-controversy requirement is met. However, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A removing defendant meets its burden of establishing the requisite amount in controversy for diversity jurisdiction if: "(1) it is apparent from the face of the petition that the claims exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723. In his state-court pleading, Browning describes serious injuries, including numerous broken bones, and seeks $20 million in damages. (Dkt. 1-3 at pp. 6, 9–10). Accordingly, the amount-in-controversy requirement is met.

*—Improper joinder*

Turner has met its burden of showing that TPC Inc. was improperly joined.

i.   The applicable procedure

Diversity jurisdiction is absent if any plaintiff in the case is a citizen of the same state as any named defendant, provided all nondiverse defendants have been "properly joined." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004) (quotation marks omitted). As a result, if the plaintiff has named a nondiverse defendant, a removing diverse defendant must prove that the nondiverse defendant was improperly joined in order to establish diversity jurisdiction. *Id*. at 575. "The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity[,]" so "the burden of

demonstrating improper joinder is a heavy one." *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005) (quotation marks and brackets omitted).

A diverse defendant can carry its burden of proving improper joinder by demonstrating "that there is no reasonable basis for the [federal] district court to predict that the plaintiff might be able to recover against [the] in-state defendant." *Smallwood*, 385 F.3d at 573. In evaluating whether the defendant has carried its burden, the district court may, and typically does, begin by "conduct[ing] a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*.

When conducting the Rule 12(b)(6) analysis, the district court looks at "the state court complaint as it exists at the time of removal[.]" *Cavallini v. State Farm Mutual Insurance Co.*, 44 F.3d 256, 264–65 (5th Cir. 1995); *see also Turner v. GoAuto Insurance Co.*, 33 F.4th 214, 215, 217 (5th Cir. 2022) ("When a case is removed from state court to federal court and the plaintiff seeks to have the case remanded, we evaluate the complaint at the time of removal."). The district court evaluates the plaintiff's allegations against the nondiverse defendant using the federal pleading standard. *International Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016). "To pass muster under Rule 12(b)(6), a complaint must have contained enough facts to state a claim to relief that is plausible on its face." *Id*. (brackets and quotation marks omitted). As the Fifth Circuit has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the

> facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.
>
> *Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

### ii. Browning's claims against TPC Inc.

Browning, who alleges that he was injured by the actions of a Turner employee, has sued TPC Inc., which owns Browning's employer, TPC LLC. Turner contends that Browning's state-court pleading fails to allege facts showing that TPC Inc. exercised sufficient control over Turner to allow Browning to hold TPC Inc. liable under Texas negligence law. (Dkt. 10 at pp. 14–15). The Court agrees with Turner.

Under Texas law, "[a]s a general rule, one who employs an independent contractor has no duty to ensure that the contractor performs its work in a safe manner." *AEP Texas Central Co. v. Arredondo*, 612 S.W.3d 289, 295 (Tex. 2020). Texas law recognizes an exception to that general rule "when the employer retains some control over the manner in which the contractor performs the work that causes the damage." *Id.* (quotation marks omitted). A plaintiff can prove the requisite control by establishing that the defendant either actually controlled the manner in which the contractor performed its work or retained a contractual right to do so. *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 865 (Tex. 2021). "In either case, the control must relate to the condition or activity that caused the injury." *Id.* (quotation marks omitted). Further, the control retained or exercised by the defendant "must extend to the means, methods, or details of the independent contractor's work." *Id.* (quotation marks and brackets omitted). "Applying those principles, [the Texas Supreme Court has] held that *no* duty of care arose with respect to an independent

contractor's work by virtue of the employer's general right to order work started and stopped, to direct when and where the work was done, to require that work be done by a certain time, or to control activities that had nothing to do with the resulting injury." *Arredondo*, 612 S.W.3d at 295 (citations omitted; emphasis added).

Browning's state-court pleading does not contain sufficient allegations to establish that TPC Inc. contractually retained or actually exercised any control over the manner in which Turner performed its work. As to contractual retention of control, there are no facts pled indicating that a relevant contractual agreement even existed between TPC Inc. and Turner. Although the pleading contains a general allegation that "Turner Industries provides contract services to TPC Group, Inc. and TPC Group, LLC[,]" there are no specific factual allegations showing that TPC Inc. hired Turner to perform the particular equipment transport job during which Browning got hurt. (Dkt. 1-3 at p. 5). To the contrary, Browning alleges that Turner was hired for the job by "TPC Group, LLC's instrument department[.]" (Dkt. 1-3 at p. 6). Moreover, even assuming that TPC Inc. hired Turner, Browning's pleading contains no allegations showing that the contract between TPC Inc. and Turner contained provisions giving TPC Inc. any control over the manner in which Turner's drivers operated their vehicles during equipment transport jobs.

Similarly, Browning's state-court pleading contains no allegations showing that TPC Inc. actually exercised control over the manner in which Turner performed its work. There are, in fact, no allegations showing that TPC Inc. had any direct involvement at all with the particular equipment transport job during which Browning got hurt. Browning's pleading does not allege that any TPC Inc. employees were present when the Turner driver

ran over Browning, much less that any TPC Inc. employee was telling the Turner driver what to do.

The Court is not persuaded by Browning's argument that he has potentially stated a claim against TPC Inc. because he pled that TPC Inc. owns TPC LLC and "controls the 'means and methods' of the work [TPC LLC] performs." (Dkt. 11 at p. 8). In their entirety, Browning's allegations regarding TPC Inc.'s control of TPC LLC read:

> TPC Group, Inc. overseas and manages TPC Group, LLC from its principal office in downtown Houston and employs approximately 110 employees to oversee, manage, and direct TPC Group, LLC's business operations and employees. This was not by accident. TPC Group, Inc. admits on its website that it located its principal office in close proximity to its operating sites and facilities so that it can better manage, communicate, administrate, and direct TPC Group, LLC's operations.
>
> TPC Group, Inc. controls all aspects of TPC Group, LLC. This includes running all aspects of human resources, setting safety standards for TPC Group, LLC, and controlling the means and methods of the work performed by TPC Group, LLC. The policies and procedures in effect at TPC Group, LLC were created and are enforced by TPC Group, Inc. TPC Group, Inc. is also responsible for vetting and hiring various contractors, such as Turner Industries, to assist TPC Group, LLC's operations.

Dkt. 1-3 at p. 4.

These allegations, whatever they may say about the relationship between the two TPC companies, do not demonstrate that the TPC Inc. entity exercised any degree of control over the particular equipment transport job that injured Browning—which, again, was carried out by an employee of Turner, a third-party independent contractor. For that

matter, Browning's allegations also fail to demonstrate that TPC LLC, the entity that evidently hired Turner, exercised any degree of control over the transport job.

Browning's state-court pleading fails to allege facts showing that TPC Inc. exercised sufficient control over Turner to allow Browning to hold TPC Inc. liable under Texas negligence law. Accordingly, Turner has met its burden of showing that TPC Inc. was improperly joined. TPC Inc.'s citizenship is disregarded for the purposes of ascertaining the existence of complete diversity, and all claims against TPC Inc. are dismissed without prejudice. *International Energy Ventures*, 818 F.3d at 209 ("When, as here, a court determines that a nondiverse party has been improperly joined to defeat diversity, that party must be dismissed without prejudice.") (emphasis omitted).

## CONCLUSION

Plaintiff Michael Tracey Browning's motion to remand (Dkt. 9) is **DENIED**. Defendant Turner Industries Group, LLC's motions for leave to file a sur-reply to the motion to remand and to file a second amended notice of removal (Dkt. 12; Dkt. 13) are also **DENIED**. All claims against Defendant TPC Group, Inc. are **DISMISSED WITHOUT PREJUDICE**.

SIGNED at Houston, Texas on February 2, 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE