United States District Court
Southern District of Texas
**ENTERED**
October 07, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL TRACEY BROWNING, § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-02232 |
| § | |
| TURNER INDUSTRIES GROUP, LLC, § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Michael Browning's Opposed Motion for Leave to Amend Complaint to Add Defendant Jose Mendoza ("Motion for Leave to Amend"). (Dkt. 30). Having reviewed the briefing, the record, and the applicable law, the Court **DENIES** the motion.

### I. FACTUAL BACKGROUND

On March 29, 2023, Plaintiff Michael Browning ("Browning") filed this lawsuit in Texas state court against Turner Industries Group, LLC and TPC Group, Inc. ("Turner"). (Dkt. 1-3). In his Original Petition, Browning alleged that he was "run over, crushed, and dragged by [an industrial ATV] owned and operated by Turner Industries," bringing claims for negligence against Turner. (*Id*. at p. 5 - 8). Turner removed this suit to federal court on the basis of diversity jurisdiction and the deadline to amend pleadings and join parties was set as November 10, 2023. (Dkt. 1); (Dkt. 17).

Over three months after this deadline had expired, Browning requested for the first time that Turner provide information about the driver of the ATV at issue ("the driver") in response to written discovery. (Dkt. 30 at pp. 1 - 4); (Dkt. 31 at pp. 7 - 8). Turner responded by identifying the driver as Jose Mendoza. (Dkt. 30 at p. 3). Turner's responses established that adding the driver to this suit as a defendant would destroy diversity jurisdiction. (Dkt. 30); *see* 28 U.S.C. § 1441(a). The responses also established that the driver was both employed by Turner and acting within the scope of his employment at the time of the incident. (Dkt. 31 at p. 9).

Browning did not file a motion seeking to add the driver as a defendant in this action until May 13, 2024. (Dkt. 30).

## II.   LEGAL STANDARD

Browning brings the pending motion to amend under Federal Rule of Civil Procedure 16(b)(4) because he seeks to amend his complaint after the deadline to add new parties and amend the pleadings in the Court's docket control order has passed. (Dkt. 30); *see* (Dkt. 17). Rule 16(b)(4) "governs amendment of pleadings after a scheduling order's deadline to amend has expired." *Marathon Fin. Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009). A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To determine whether good cause exists, the Fifth Circuit requires district courts to consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the

amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Marathon*, 591 F.3d at 470 (quotation omitted).

### III.   ANALYSIS

The Court finds that the Rule 16(b)(4) factors weigh in favor of not allowing Browning to amend his complaint because Browning does not have good cause to do so.

**1.   The Explanation for the Failure to Timely Move for Leave to Amend**

"The most important factor bearing on the 'good cause' inquiry under Rule 16(b)(4) is whether the party seeking to modify the scheduling order can show that it has been diligent in pressing its claims but despite its diligence could not reasonably have met the scheduling deadline." *Allergan, Inc. v. Teva Pharms. USA, Inc.*, No. 2:15-cv-1455, 2017 WL 119633, at *3 (E.D. Tex. 2017). The burden rests with Browning, as the party seeking to modify the Docket Control Order, to show that the deadlines could not have reasonably been "met despite the diligence of the party needing the extension." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (quotation omitted).

Here, Browning has not satisfied his burden. Browning did not request the identity of the driver from Turner any time prior to the deadline to add parties. (Dkt. 31 at p. 8); *see* (Dkt. 30 at p. 3; pp. 6 - 7). In fact, Browning first inquired into the driver's information on February 16, 2024—approximately three months after the deadline had passed and nearly a year after this suit commenced in state court. (Dkt. 30 at p. 3); (Dkt. 1-3). Browning himself states that, had he known of the driver's information, Browning "would have added the driver as a defendant, which is standard practice in personal

injury cases involving drivers and moving equipment or vehicles." (Dkt. 30 at p. 2). Though he did not have the driver's name or information, Browning certainly knew of the existence of the driver and seems to have had motivation to investigate his identity.

Browning's lack of inquiry into the driver's information between March of 2023 and February of 2024 fails to demonstrate that Browning could not have gotten the pertinent information "despite diligence," as required under Rule 16(b)(4). *Squyres*, 782 F.3d at 237. The Court considers Browning's explanation for his delay unpersuasive, and this first factor weighs against allowing amendment.

**2.    The Importance of the Amendment**

The second factor also weighs against allowing amendment because of Browning's reliance on the theory of respondeat superior to hold Turner liable for his injuries. At times, an employee may have an independent duty separate and apart from the employer's obligations such that both the employee and the employer could be held liable without mutual exclusivity. *Monreal v. Walmart Inc.*, No. 2:21-cv-00278, 2022 U.S. Dist. LEXIS 29439, *3 (S.D. Tex. 2022). Still, "when the allegations are based entirely on the employee's status as an employee to act generally on behalf of his employer, there is no specific independent duty to the plaintiff on which a claim may be premised." *Id*. at *3-4.

Here, it is undisputed that "Mendoza was 1) employed by Turner on the date of the incident; and 2) was acting within the course and scope of his employment when the incident occurred." (Dkt. 31 at p. 9). Thus, adding the driver as an individual defendant

will not affect the alleged liability at issue because any wrongdoing by the driver will be imputed to Turner. This factor also weighs against allowing the amendment.

### 3. The Potential Prejudice in Allowing the Amendment

"A defendant is prejudiced if an added claim would require the defendant to reopen discovery and prepare a defense for a claim different from the one that was before the court." *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (cleaned up).

Again, because Browning brings suit against Turner under the theory of respondeat superior, the driver's alleged actions will be imputed to Turner as the employer. Thus, both the potential theories of defense for this case and the practical work needed for the pursuit of such would remain the same whether the driver was added as a defendant or not. Turner would not be prejudiced, and the third factor supports permitting amendment.

### 4. The Availability of a Continuance to Cure Such Prejudice

The fourth factor analyzes whether a continuance would cure any prejudice to Turner caused by the late amendment. The Court does not believe that Turner would suffer any prejudice. To the extent that either party faces any prejudice, a continuance would cure such prejudice.

## IV.   CONCLUSION

The Rule 16(b)(4) factors do not support allowing Browning to amend his complaint to add Jose Mendoza as a defendant. Accordingly, the Court finds that

Browning does not have good cause to amend his complaint and **DENIES** Browning's Motion for Leave to Amend (Dkt. 30)**.**

SIGNED at Houston, Texas on October 7, 2024.

                                            GEORGE C. HANKS, JR.
                                        UNITED STATES DISTRICT JUDGE